David R. Isola, Esq., SBN 150311
  e-mail: disola@isolalaw.com
Stephen B. Ardis, Esq., SBN 162947
  e-mail: sardis@isolalaw.com
**ISOLA LAW GROUP, LLP**
405 West Pine Street
Lodi, California 95240
Telephone: (209) 367-7055
Facsimile:  (209) 367-7056

Attorneys for Plaintiff, Cham-Cal, Inc.,
a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAM-CAL ENGINEERING INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> BAZZ HOUSTON CO., a California corporation, <br><br> Defendant. | CASE NO.: <br><br> COMPLAINT FOR: <br><br> 1. Contribution; Comprehensive Environmental Response Compensation and Liability Act §42 U.S.C. 9601, et seq.; <br> 2. Continuing Private Nuisance; and, <br> 3. Equitable Indemnity |

## INTRODUCTION

1. Plaintiff, CHAM-CAL ENGINEERING INC., a California corporation ("Cham-Cal" or "Plaintiff"), seeks contribution pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9601 et seq. ("CERCLA") from Defendant BAZZ HOUSTON CO., a California corporation ("BHC" or "Defendant"), on the grounds that Defendant is legally responsible for past and future response costs relating to hazardous substances in soil vapor and groundwater underlying Cham-Cal's manufacturing

facility located at 12722 Western Avenue, Garden Grove, California ("Plaintiff's Site").

2. Plaintiff contends that metal parts manufacturing operations at 12700 Western Avenue, Garden Grove, California, which is owned and/or operated by Defendant ("Defendant's Site"), have caused the release of Volatile Organic Compounds including but not limited to tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), Cis-1,2-dichloroethene, and 1,1,1-trichloroethane (collectively "VOCs") to soil and groundwater at Defendant's Site. The VOCs released at Defendant's Site are Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

3. The VOCs released at Defendant's Site have migrated and continue to migrate to Plaintiff's Site, resulting in the contamination of soil vapor and groundwater beneath Plaintiff's Site. Plaintiff has incurred and will continue to incur substantial costs to address the VOC contamination as required by the California Regional Water Quality Control Board – Santa Ana Region ("Regional Board").

4. Venue is proper in this Court because the releases of hazardous substances at issue in this Complaint and resulting damages as alleged herein occurred and are occurring in Orange County, California.

## PARTIES

5. Plaintiff is a California corporation in good standing, with its principal place of business in Garden Grove, California. Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

6. Defendant is a California corporation in good standing, with its principal place of business in Garden Grove, California. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

///

## JURISDICTION & VENUE

7. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9607 and 9613(b), 28 U.S.C. § 1331.

8. Venue is proper in this judicial district pursuant to 42 U.S.C. § 9607 and 9613(b), 28 U.S.C. § 1391(b) and (c), and because the claims arose in the Central District of California.

9. The state law claims alleged in this complaint are related to the federal claims pursuant to 28 U.S.C. § 1367(a) and fall within the Court's supplemental jurisdiction.

## GENERAL ALLEGATIONS

10. Defendant's Site was undeveloped or used for agriculture between 1938 and 1968. The current building at Defendant's Site was constructed in 1974 and has been occupied by Defendant since for use as a metal parts manufacturing facility.

11. On information and belief, Plaintiff alleges that PCE was purchased by Defendant as a solvent for degreasing operations at Defendant's Site from 1973 until early 1999, and that TCE was also used as a solvent at Defendant's Site.

12. On information and belief, Plaintiff alleges that the PCE was used in a vapor degreaser at Defendant's Site located at the southeastern corner of the building (in proximity to Plaintiff's Site), and stored in 55-gallon drums outside of the eastern portion of the building.

13. On information and belief, Plaintiff alleges that releases of PCE and TCE occurred incident to Defendant's operations within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22). The PCE and TCE released by Defendant migrated through the soil at Defendant's Site to underlying groundwater. Once in groundwater, the contaminants have migrated and continue

to migrate in a southerly direction from Defendant's Site toward Plaintiff's Site, and have adversely impacted soil vapor and groundwater underlying Plaintiff's Site.

14. Because hazardous substances were deposited, stored, disposed of, or placed, or otherwise came to be located at Defendant's Site, Defendant's Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

15. On information and belief, some of the VOCs at and emanating from Defendant's Site are the result of releases that occurred suddenly and accidentally, and were caused by events beyond Defendant's reasonable control.

16. The Regional Board has concluded that "[a]n investigation conducted in September 2010 [at Defendant's Site] encountered strong evidence that VOC-impacted groundwater has migrated off-sites [sic] toward the south, and has commingled with VOC-impacted groundwater that is present beneath the adjacent property [Plaintiff's Site].

17. As the result of VOC impacts to soil vapor and groundwater in the vicinity of Plaintiff's Site, Plaintiff has been required by the Regional Board to conduct a comprehensive investigation into VOCs present in soil, soil vapor, and groundwater at and underlying Plaintiff's Site, which has resulted in the expenditure of substantial sums by Plaintiff.

18. On information and belief, Plaintiff alleges that a significant portion of the VOCs that Plaintiff has been required/is being required to investigate under the direction of the Regional Board originated from Defendant's Site. Plaintiff has incurred "response" costs as defined in Sections 101(25), 42 U.S.C. §§ 9601(25) as the result of the VOCs released from Defendant's Site.  The response costs incurred by Plaintiff are consistent with the National Contingency Plan, 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF

### (Contribution – CERCLA §113(f), 42 U.S.C. 9613(f)

19. Plaintiff refers to and realleges the matters set forth in paragraphs 1 through 18 of this Complaint and incorporates them herein by reference.

20. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. On information and belief, Defendant is a covered person within the meaning of one or more of Section 107(a)(1), (2), (3), or (4), 42 U.S.C. § 9607(a)(1)-(4).

22. On information and belief, Defendant's Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23. On information and belief, releases and/or threatened releases of hazardous substances into the environment have occurred, and in most cases are still occurring, at Defendant's Site within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9602(22).

24. On information and belief, hazardous substances released into the environment from Defendant's Site have migrated beneath Plaintiff's Site, causing Plaintiff to incur cost to investigate the hazardous substances.

25. Plaintiff is entitled to contribution from Defendant under section 113(f) of CERCLA, 42 U.S.C. 9613(f), for costs incurred by Plaintiff in addressing hazardous substances beneath and in the vicinity of Plaintiff's site that exceed Plaintiff's equitable share of such costs.

## SECOND CLAIM FOR RELIEF

### (Continuing Private Nuisance)

26. Plaintiff refers to and realleges the matters set forth in paragraphs 1 through 18 of this Complaint and incorporates them herein by reference.

27. Defendant's releases of VOCs at Defendant's Site have resulted in a condition that is offensive to the senses and is an obstruction to Plaintiff's free use of Plaintiff's Site, and is an interference with Plaintiff's rightful use and enjoyment of Plaintiff's Site.

28. As a direct and proximate result of the actions, inactions and omissions of Defendant, a continuing nuisance exists and continues to exist at and in the vicinity of Plaintiff's Site, resulting in damages to Plaintiff on a daily basis.

29. The contaminated conditions caused by Defendant that constitute the nuisance at and in the vicinity of Plaintiff's Site are abatable.

30. In response to the nuisance conditions caused by Defendant, Plaintiff seeks a mandatory and/or prohibitory injunction, both preliminary and permanent, requiring Defendant to abate the nuisance and to perform any and all actions necessary to remediate, clean up, assess, investigate, remove, monitor and treat the VOCs at and in the vicinity of Plaintiff's Site.

31. In response to the nuisance conditions caused by Defendant, Plaintiff seeks reimbursement of damages caused by the nuisance conditions, including but not limited to attorneys' fees and costs, engineering expenses, government oversight costs, and other expenses that would not have been incurred but for Plaintiff's necessity to protect itself from Defendant's tortious, wrongful acts in creating the nuisance conditions.

### THIRD CAUSE OF ACTION
### (Equitable Indemnity)

32. Plaintiff refers to and realleges the matters set forth in paragraphs 1 through 18 above and incorporates them herein by reference.

/ / /
/ / /
/ / /

33. Plaintiff's liability to the Regional Board or to any other person or entity relating to the VOC contamination beneath and emanating from Plaintiff's Site is in part the result of the acts or omissions of Defendant.

34. Plaintiff's liability is, under equitable principles, derivative and secondary to the direct and primary liability arising from the actions, omissions, or conduct of Defendant, and Defendant is accordingly bound and obligated to indemnify and hold harmless Plaintiff for costs or damages that have been, or will be, incurred by Plaintiff in response to VOC releases by Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff requests judgment as follows:

### First Cause of Action

a. For contribution for all response costs incurred by Plaintiff, including pre-judgment interest thereon as allowed by law, that exceed Plaintiffs' equitable share of the costs to investigate and remediate hazardous substances beneath and in the vicinity of Plaintiff's Site for which Plaintiff is liable.

### Second Cause of Action

a. For preliminary and permanent injunctive relief requiring Defendant to abate the nuisance and to perform any and all actions necessary to remediate, clean up, assess, investigate, remove, monitor and treat the CVOCs contaminating Plaintiff's Site.

b. For damages caused by the nuisance conditions in the form of investigative costs, Regional Board oversight costs, and other expenses that would not have been incurred but for the nuisance conditions.

/ / /
/ / /

c. Compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures incurred by Plaintiff in protecting itself from Defendant's wrongful and tortious acts.

**Third Cause of Action**

a. For a judgment directing Defendant to equitably indemnify Plaintiff for costs or damages that have been, or will be, incurred in response to the releases of hazardous substances at the Site.

**All Causes of Action**

a. For costs incurred by Plaintiff in this proceeding, as allowable by law and according to proof.

b. For such other and further relief as this Court deems just and proper.

Dated: February 21, 2020        **ISOLA LAW GROUP, LLP**

                                By:   /s/ David R. Isola
                                      ───────────────────────
                                      DAVID R. ISOLA, Attorneys for Plaintiff Cham-Cal Engineering, Inc.